# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| DANETTE DESDUNES, ET AL. | * | CASE NO. 14-1226 |
|---|---|---|
| vs. | * | SECT. F(2) |
| CHRISTOPHER SOYEZ, ET AL. | * | JUDGE FELDMAN |
| | * | MAG. WILKINSON |

## **PRIVACY ACT PROTECTIVE ORDER**

Plaintiffs have sought information from the Federal Bureau of Investigation (FBI) pursuant to 28 C.F.R. §§ 16.21 *et seq.* which may be encompassed by the Privacy Act of 1974, Title 5, U.S.C. Section 552a. In order to permit Plaintiffs to obtain this information without making such information public and thus undermining the legislative purpose of the Privacy Act, it is hereby ORDERED, pursuant to title 5, U.S.C., Section 552a(b)(11) and rule 26(c) of the Federal Rules of Civil Procedure, that the FBI is authorized to release to parties, their counsel, and the Court in this case, Privacy Act protected information from FBI records which identifies the FBI employee who shot Allen Desdunes on July 30, 2013, without obtaining prior written consent of the individual to whom the records pertain. The disclosure of the name of the individual pursuant to the plaintiffs' subpoena duces tecum issued to the FBI on June 18, 2014 (hereinafter referred to as "Protected Information") is subject to the following conditions:

1. Except as otherwise ordered by this Court or provided herein, Protected Information may be disclosed only to the following persons: (a) attorneys of record for parties in this action; (b) any persons regularly in the employ of, or persons contracted to perform services for attorneys of record for, the Plaintiffs to the extent reasonably necessary for the prosecution of

this action; (c) attorneys of record for United States government or federal employees in this case; (d) persons regularly in the employ of such attorneys to the extent reasonably necessary to render professional services in this case; (e) employees of federal agencies as deemed necessary by counsel for the United States government or federal employees; and (f) this Court and its support personnel who are involved in this case.

2. Except as provided herein, no person having access to Protected Information shall make any disclosure of Protected Information without further Order of the Court.

3. Except as provided herein, no person having access to Protected Information pursuant to paragraph 1 (a)-(b) above shall use or disclose Protected Information for any purpose other than prosecuting this action. "Prosecuting this action" does not include contacting directly or indirectly in any manner, except through his or her counsel, any of the persons whose names are identified as Protected Information, and who are represented parties.

4. Except for the individuals described in paragraph 1 (c)-(f) above, all individuals to whom Protected Information is disclosed shall be informed of and shall agree with the terms of this Order; shall not disclose or use the Protected Information except in compliance with this Order; and shall, before receiving Protected Information, acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgment form. A copy of each such acknowledgment form must be provided promptly after its execution to counsel for the United States.

5. Each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Protective Order.

6. Any documents, briefs, or other materials containing Protected Information shall

be filed publicly with the Protected Information redacted, or otherwise concealed through the use of a pseudonym. The pseudonym for the individual identified by the FBI in response to Plaintiffs' request for information made pursuant to 28 C.F.R. § 16.21 *et seq.* shall be "John Doe 1" or "Doe Defendant 1."

7. As a supplement to the public filing of any documents, briefs, or other materials concealing Protected Information through the use of a pseudonym or redactions, a party may file ~~under seal~~ *with a motion to seal* said briefs, documents, or other materials containing the Protected Information *but only in strict compliance w/the Local Rule 5.6* without concealment. Neither party nor any third party may use Protected Information in open Court, orally or through documents, without first obtaining the written consent of the Department of Justice or an Order from the Court ruling that the Protected Information is relevant and may be publically disclosed.

8. Except as provided herein, within ninety (90) days of the conclusion of this case (including any appeals), documents, discovery requests, discovery responses, transcripts, and other materials, and all copies thereof, containing Protected Information must be destroyed by persons in the possession of such materials containing Protected Information. Within ninety (90) days of the conclusion of this case and any appeals, Plaintiffs' counsel and any other person in possession of documents, discovery requests, discovery responses, transcripts, or other materials containing Protected Information must certify in writing the said items, and all copies thereof, containing Protected Information have been destroyed. Within ninety (90) days of the termination of this case, including any appeals, Plaintiffs' counsel and any other person in possession of documents, discovery requests, discovery responses, transcripts, or other materials containing Protected Information must also certify in writing that any documents they or their attorneys or agents have created which contain Protected Information derived solely from those

3

protected documents, discovery requests, discovery responses, transcripts, or other materials have been destroyed. Notwithstanding the foregoing provisions of this paragraph, no person is required to destroy any document that has been publicly filed with this Court or with a court of appeals of competent jurisdiction in connection with this case; further, this paragraph does not apply to the United States, its employees, its attorneys, or persons hired or in the employ of its attorneys; or to this Court or its support personnel.

9. Neither the United States nor any of its officers, employees, or attorneys shall bear any responsibility of liability under the Privacy Act for any unauthorized disclosure of any Protected Information under this Order.

10. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information. Nor does this Order constitute any ruling on the question of whether the United States may withhold any particular document or category of information on the basis of privilege.

11. This Order does not apply to any information or documents other than the Protected Information defined above, ie. the FBI's response to the plaintiffs' subpoena duces tecum issued on June 18, 2014. This Order does not apply to information or documents obtained during the normal course of discovery in this matter, nor does it apply to information or documents obtained from sources other than the FBI's response to the plaintiffs' subpoena duces tecum issued on June 18, 2014.

This order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority,

save the Privacy Act of 1974.

This Privacy Act Order is effective this \_\_\_1st\_\_\_ day of \_\_\_July\_\_\_, 2014.

_____
Joseph C. Wilkinson, Jr.
United States Magistrate Judge