UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANETTE DESDUNES, ET AL.** | * | **CASE NO. 14-1226** |
| vs. | * | SECT. "F" (2) |
| **CHRISTOPHER SOYEZ, ET AL.** | * | JUDGE FELDMAN |
| *   *   *   *   *   *   * | | MAG. WILKINSON |

### JOINT MOTION AND INCORPORATED MEMORANDUM TO STAY

**NOW INTO COURT**, through their respective undersigned counsel, come jointly plaintiffs, Danette Desdunes, Jeremiah Green, Allen Harris, and Kawanda Edwards, and defendants, John Doe #1, Christopher Soyez, Robert Baird, William Williams, John Does 2 – 3, Nathan Gex, Derek A. Burke, Anthony Rome, Chris Harris, and John Does 4 – 6, and, for the reasons more fully set forth herein, respectfully move this Court to stay these proceedings, pending the administrative adjustment of plaintiffs' claims.

I.

With respect to the defendants identified as "federal" defendants, John Doe #1, SA Soyez, SA Baird, SA Williams, and John Does 2-3, plaintiffs assert violations of "Mr. Desdunes's Fourth, Fifth and Fourteenth Amendment rights" under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Rec. Doc. 18 (First Amended Complaint), at ¶ 29. Together with the defendants identified as state and local actors, plaintiffs also assert claims against those identified as federal defendants under 42 U.S.C. §§ 1985, 1986. *Id.,* at ¶¶ 30 – 33.

II.

Under the applicable provisions of the Federal Tort Claims Act ("FTCA"), no action may be instituted against the United States prior to the exhaustion of an administrative claim.  More specifically, 28 U.S.C. § 2675(a) provides, in pertinent part, as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. * * *

28 U.S.C. § 2675(a).

III.

Since the filing of the captioned lawsuit, plaintiffs, through their record counsel, have submitted administrative claims, pursuant to 28 U.S.C. § 2675 and as a prerequisite to filing suit under the FTCA, to the Federal Bureau of Investigation.

IV.

As plaintiffs intend to pursue an action under the FTCA, the parties hereto respectfully submit that the interests of judicial economy and party resources would best be served by the staying of the instant lawsuit, pending the exhaustion of the plaintiffs' administrative claims.  If plaintiffs instituted a separate FTCA action, same could be deemed a "related action" and, subject to the Court's discretion under, *inter alia*, Local Civil Rule 3.1.1, transferred to this section.  Conversely, if the instant matter were to proceed unabated and if the plaintiffs were to attempt to further amend their complaint to add a claim under the FTCA, same would likely not comply with the (not yet issued) Scheduling Order.  *See* Fed. R. Civ. 15(a)(1)(B); *see also* Fed.

R. Civ. P. 16(b). If the plaintiffs were granted leave to amend out of time, that would likely compromise other deadlines and the trial date.

V.

The parties respectfully submit that a stay of these proceedings, pending the exhaustion of plaintiffs' administrative claims, is necessary and appropriate so as to minimize the potential of unnecessary or duplicative work by the Court and the parties alike. It is further agreed that, should the instant request be granted, the parties will move to lift the stay upon the exhaustion required by 28 U.S.C. § 2675.

**WHEREFORE**, the plaintiffs and defendants jointly pray that their motion be granted and that the case be stayed, pending the exhaustion of the aforementioned administrative proceedings.

Respectfully submitted,

*/s/Stephen J. Haedicke*
Stephen J. Haedicke (# 30537)
Law Offices of Stephen J. Haedicke, LLC
639 Loyola Ave., Suite 1820
New Orleans, LA  70113
Telephone: (504) 525-1328
Facsimile: (504) 910-2659
haedickelaw@gmail.com
COUNSEL FOR THE PLAINTIFFS

-and-

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

*/s/Andre J. Lagarde*
PETER M. MANSFIELD (# 28671)
ANDRE J. LAGARDE (# 28649)
Assistant United States Attorneys
650 Poydras St., Suite 1600
New Orleans, Louisiana  70130
Telephone:  (504) 680-3009
Facsimile: (504) 680-3174
andre.lagarde@usdoj.gov

-and-

*/s/ Patrick Eagan*
PATRICK EAGAN (# 34898)
ASSISTANT CITY ATTORNEY
CITY ATTORNEY'S OFFICE
1300 Perdido St.
City Hall – Room 5E03
New Orleans, Louisiana 70112
Telephone: (504) 658-9800
Facsimile: (504) 658-9868